IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

UNITED STATES OF AMERICA

      v.                          CASE NO.: 4:24-CR-18

RICKY DAMION CHRISTOPHER JONES, JR.

    Defendant.

### DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION AND SET CONDITIONS OF RELEASE

The defendant, Ricky Damion Christopher Jonest, Jr., ("Mr. Jones"), by counsel and pursuant to 18 U.S.C. § 3145(b), hereby moves this Honorable Court to revoke the order granting the government's motion for detention of Mr. Jones. He respectfully requests that this Court order his release on terms and conditions pending resolution of this matter. In support thereof, Mr. Jones submits the following:

### Procedural Background

Mr. Jones appears before this Court by Grand Jury indictment filed in the Newport News division on March 12th, 2024. The indictment, previously placed under seal, alleged Mr. Jones involvement in a scheme that resulted in the following charges: conspiracy to interfere with commerce by robbery[1], interference with commerce by robbery,[2] assault,[3] possession of a stolen firearm,[4] stealing keys adopted by the post office,[5] and 2 other counts of conspiracy. ECF No. 1. In light of the indictment, state charges pending against Mr. Jones

---

[1] 18 U.S.C. § 1951 (a)
[2] 18 USC § 1951 (a) and 2
[3] 18 USC § 111 (b) and 2
[4] 18 USC §922(j) and 2
[5] 18 USC § 1704 and 2

in the Circuit Court of Williamsburg and James City County that related to the same matter were nolle prosqued on April 26th, 2024. A five-day jury trial is set in Richmond Division before District Judge Roderick C. Young on June 3rd, 2024. ECF No. 48.

Defendant was arrested and retained counsel the day of arrest. Mr. Jones initial detention hearing was heard before Magistrate Judge Colombell on March 28th, 2024. Magistrate Colombell denied Mr. Jones motion for release.

The defense respectfully seeks revocation of the detention order and Mr. Jones release on bond pending sentencing.

### Summary of Relevant Evidence

In May 2023, the United States postal Inspection Service (USPIS) and other law enforcement agencies began an investigation into two armed robberies of mail carriers for their "arrow keys" (used to access USPS collection boxes) on May 8th and 9th, in Norfolk and Hampton respectively. ECF No. 1, 4. In July 2023, law enforcement arrested and charged 3 individuals in connection with the robberies—FORD, WATSON, and STUKES. All three pled guilty to involvement in the robberies. ECF No. 1, 5. USPIS inspectors became aware of similar attempted robberies occurring in July of 2023 in both Hampton and James City County. ECF No. 1, 5. Investigators uncovered that the July robberies were linked to FORD and a string of other individuals not previously charged. ECF No. 1, 6. Inspectors and other officers linked FORD and several co-conspirators in a larger, multi-object conspiracy to break into collection boxes and commit various identity theft crimes. ECF No. 1, 6. These other individuals were identified in a Telegram chat under various alias-type names. Id. One individual added to the chat, "Top!" was identified as Mr. Jones. Id. Although the Telegram chat, screenshots of which are included in the indictment, primarily contain exchanges

between several other individuals, investigators believe that "Top!" is alleged to be the defendant. ECF No. 6-9.

## Order of Detention

In concluding that Mr. Jones should be detained, Judge Colombell found by both clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person or the community. ECF No. 47 at 2, citing 18 U.S.C. § 3142(g). Judge Colombell also found by a preponderance of evidence that no condition or combination of conditions of release would reasonably assure Mr. Jones appearance at further court proceedings. *Id.* Judge Colombell cited the following reasons for Mr. Jones's detention:

- The strength of the evidence against Mr. Jones
- The lengthy period of incarceration if Mr. Jones were convicted
- Mr. Jones prior failure to appear in court as ordered
- Mr. Jones' use of alias(es) or false documents

*Id* at 2-3. Judge Colombell further cited the nature of the offenses charged as a reason for Mr. Jones' detention. *Id.* at 3.

The defense disagrees that Mr. Jones would present a danger to the community or would be a flight risk if released on bond, and requests this Court revoke the order of detention.

## Standard of Review

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." "When the district court acts on a motion to revoke or

amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions or release." *United States v. Sanchez*, No. 1:15-CR-147, 2015 WL 3444840, at *1 (E.D. Va. May 28, 2015) (quoting *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) ("A defendant ordered detained by a magistrate may seek *de novo* review in the district court.").

Here, Mr. Jones is entitled to *de novo* review of the basis for detention and respectfully requests that the Court hold a hearing to consider evidence relevant to the issue of his release. *See, e.g., United States v. Kinslow*, 105 F.3d 555 (10th Cir. 1997).

To determine whether a person is a flight risk or danger to the community, "courts consider the following factors: (1) the nature and circumstances of the offense charged; (2) the defendant's history and personal characteristics; (3) whether, at the time of the offense, the accused was on probation or parole; and (4) the nature and seriousness of the danger to any person or the community posed by the individual's release." *United States v. King*, No. 4:19-cr-77, 2020 WL 1915241, at *2 (E.D. Va. Apr. 20, 2020) (citing 18 U.S.C. § 3142(g)).

### Mr. Jones's History and Characteristics

Mr. Jones was born and raised in Virginia by his parents, Mia and Ricky Jones, Sr. Mr. Jones has a teenage brother, Ethan. At eighteen, Mr. Jones graduated from Kempsville high school. Mr. Jones has strong family support in this region, including from his grandparents Benita and Winfred Dickinson. Prior to this incident, Mr. Jones did not have a criminal record. Mr. Jones received a secured bond while his case was pending at the state level (prior to the federal charges being brought). Mr. Jones did well while on bond and was even released from home electronic monitoring. There was a bond revocation filed, but the state prosecutor agreed with this counsel

to take it under advisement since we had negotiated to amend his bond and there appears to have been some confusion.

### Release Plan

At the time of his arrest, Mr. Jones lived with his parents at 903 Hunley Drive, Virginia Beach, Virginia 23462. Either or both of his parents, Ricky Jones, Sr. and/or Mia Jones, would serve as third party custodians. Neither of his parents have criminal records. His father is retired from the military. While Mr. Jones awaits his federal case, it would be the best situation for him and his family if they could be together. Mr. Jones is ready and willing to comply with all possible restrictions to be able to spend time outside of confinement pending his case. Mr. Jones has a good relationship with his family. In addition to living with them, Mr. Jones would be able to help his parents with his younger brother, Ethan.

**I.      Mr. Jones is not a flight risk or a danger to the community.**

Mr. Jones has two strong factors to show that he is not a flight risk. First, Mr. Jones has strong family support and an available residence to live at while out on bond. Second, Mr. Jones does not have a history of not appearing for trial. During Mr. Jones state case, he turned himself into the police. As a matter of fact, Mr. Jones retained counsel while he was out of state visiting his grandparents and flew back to Virginia to turn himself in on his state charges.

In addition, electronic monitoring, multiple third-party custodians and even a secured bond will more than reasonably assure that Mr. Jones appears at all of his upcoming Court hearings.

Mr. Jones would also not be a danger to himself or the community if released. Mr. Jones was not alleged to be a participant at the crime scene or in possession of any firearms. Moreover, Mr. Jones does not have a criminal record.

**II.  This Court can set conditions or a combination of conditions of release that would alleviate any concerns about danger to the community and Mr. Jones's appearance in court.**

. In addition to the standard conditions of release, this Court can set additional conditions to reasonably assure the safety of the community and Mr. Jones' appearance at his trial on September 30, 2024.

Mr. Jones would be subject to supervision by the probation office if released. Moreover, the Court can impose a condition of home detention with electronic monitoring to further address any danger concerns and/or concerns about Mr. Jones appearing in Court for his sentencing hearing. Moreover, while Mr. Jones was on state bond he had no contact with any of the co-defendants or co-conspirators in this case. Finally, the Court could set a secure bond which Mr. Jones' family is willing to post if required.

Mr. Jones will not violate the conditions of release. He has never been, and will not be, a flight risk to this Court, nor will he be a danger to others if released. Neither his track record nor his current circumstances indicate that he would pose any such risk if released. Mr. Jones is aware that even technical violations of the release will be serious and result in immediate revocation of his bond.

## Conclusion

Because Mr. Jones has strong support, is not a flight risk, and will not pose any threats to the community if released, a revocation of the order of detention is justified in his case.

Respectfully Submitted,

RICKY DAMION CHRISTOPHER JONES, JR,

By:  */s/ Diane P. Toscano*
Diane P. Toscano, Esquire (VSB# 73478)
TOSCANO LAW GROUP, P.C
1244 Perimeter Parkway, Suite 443

        Virginia Beach, VA   23454
        Tel: (757) 821-7972
        Fax: (757) 903-0186
        Diane@toscanolawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

Julie D. Podlesni, Esq.
UNITED STATES ATTORNEY'S OFFICE
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Tel: (757) 591-4000
Julie.podlesni@usdoj.gov

        By:   */s/ Diane P. Toscano*
        Diane P. Toscano, Esquire (VSB# 73478)
        TOSCANO LAW GROUP, P.C
        1244 Perimeter Parkway, Suite 443
        Virginia Beach, VA   23454
        Tel: (757) 821-7972
        Fax: (757) 903-0186
        Diane@toscanolawgroup.com