IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br><br>DASHAWN TYRIK EVANS-MCCLOUD,<br>          Defendant. | Criminal Case No.: 4:24CR18<br>Judge Roderick C. Young |

### **Defendant Dashawn T. Evans-McCloud's Request for a Variance**

Under 18 U.S.C. 3553 the court has a responsibility to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. This code section provides a three-step process to structure the sentence. At the end of this analysis, the court may impose a sentence outside of the recommended guideline sentence range - a "variance."

### *When A Variance Applies*

Variances are an appropriate tool the sentencing district court may use to sentence a person when the guidelines are either too harsh or not sufficient for the seriousness of the crime. *See United States v. Moreland, 437 F.3d 424 (4th Cir. 2006).* This Court has discretion to rely on broader and more diverse range of factors in considering a downward variance under 18 U.S.C. §3553(a).

"There is a 'long' and 'durable' tradition that sentencing judges 'enjo[y] discretion in the sort of information they may consider' at an initial sentencing proceeding. *Concepcion v. United States*, 597 U.S. 481 (2022). A federal judge in deciding to impose a sentence "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Id.* Indeed, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an

individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.*

Further, "[a] decision to impose a sentence more lenient than the one advised by the Guidelines was not a failure to make a finding necessary to apply the cross reference or enhancement in the first place … such a decision would be "an exercise of a district court's broad sentencing discretion." *United States v. Elboghdady*, 4th Cir. No. 22-4194, 2024 WL 4113003, at *8 (4th Cir. Sept. 11, 2024).

<u>*Variances may be applied liberally*</u>

As stated above, a sentencing judge has broad sentencing discretion. The judge may use this broad discretion to impose a non-Guidelines sentence that in his judgment is "more consistent with the statutory sentencing factors set out in section 3553(a)". *United States v. Moore*, 7th Cir. No. 23-2191, 2024 WL 4131161, at *3 (7th Cir. Sept. 10, 2024). Sentencing is "a fluid and dynamic process and the court itself may not know until the end whether a variance will be adopted, let alone on what grounds. *Irizarry v. United States*, 553 U.S. 708, 715 (2008).

<u>*Variances from Guidelines in 18 U.S.C. §3553(a)*</u>

A variety of potentially relevant factors may be considered by the Court in fashioning a sentence that is appropriate for the charge of which the defendant was convicted. See, e.g. *Dean v. United States*, 137 S.CT. 1170 (2017), *United States v. Tomoko*, 562 F.3d 558 (3rd. Cir. 2009), and *United States v. Howe*, 543 F.3d 128 (3d Cir. 2008).

According to Table 44 of the 2023 United States Sentencing Commission's Annual Report and Sourcebook ("2023 Sourcebook"), the most common reasons relied upon by the Courts for downward variances from the Guideline range are as follows:

1. The history and characteristics of the defendant;

2. Reflect seriousness of offense/promotes respect for law/just punishment;

3. Afford adequate deterrence to criminal conduct;

4. The nature and circumstance of the offense;

5. Protect public from further crimes;

6. Family ties and responsibilities (§5H1.6);

7. Avoid unwarranted sentencing disparity;

8. Criminal history issues;

9. Drug dependence and alcohol abuse (§5H1.4);

10. Acceptance of responsibility;

11. Age (§5H1.1);

12. Remorse;

13. Mental and emotional conditions;

14. Lack of youthful guidance/tragic or troubled childhood;

15. Previous employment record (§5H1.5);

16. Rehabilitation;

17. Role in the offense;

18. Provide correctional treatment;

19. Nonviolent offense;

20. General mitigating circumstances (§5K2.0);

21. Conduct while on release, bond, or supervision;

22. Physical condition (§5H1.4);

23. Provide educational or vocational training;

24. Pursuant to plea agreement;

25. Community ties (§5H1.6);

26. Cooperation without motion (not §5K1.1);

27. Applied proposed guideline amendment (Amendment 821);

28. Provide restitution to any victims;

29. First Step Act safety valve expansion;

30. Provide medical care;

31. Aberrant behavior (§5K2.20);

32. Early plea;

33. Waiver of appeal;

34. Charitable service/good works; and

35. Other.

2023 Sourcebook, Table 44, available at www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/2023_Sourcebook.pdf.

### *Main Considerations for a Variance in Mr. Hall's Case*

In considering a variance reducing the proposed Guideline sentence for Mr. Hall, this Court is encouraged to pay special consideration to the following:

### *The history and characteristics of the defendant*

As discussed in the Defendant's Position on Sentencing filing, Mr. Evans-McCloud has no juvenile nor adult record. He was working and putting himself through Richard Bland Community College.

### *Reflect seriousness of offense/promotes respect for law/just punishment*

Page 4 of 10

The Government and the undersigned both acknowledge the seriousness of the crime. The question which really sums up the sentencing hearing, is what is the just and fair punishment for these charges considering the model life Mr. Evans-McCloud ?

The undersigned believes a just and fair punishment would be home incarceration, perhaps with a monitor and community monitoring or a suspended sentence with probation.

### Afford Adequate Deterrence to Criminal Conduct

Clearly no sentence, whether Home Incarceration or a sentence above the guidelines will have any effect on robberies. Almost every United States citizen will not know about whatever sentence he receives. Additionally, severity of punishment does little to nothing to deter crime according to the United States Government. *See* U.S. Department of Justice, Office of Justice Programs, National Institute of Justice, Five Things About Deterrence, www.ojp.gov/pdffiles1/nij/247350.pdf. For further argument, Mr. Evans-McCloud relies on his Sentencing Position filing.

### The Nature and Circumstance of the Offense

Please see the Defendant's Sentencing Position filing.

### Protect Public from Further Crimes

Please see the Defendant's Sentencing Position filing.

### Family ties and responsibilities (§5H1.6)

Please see the Defendant's Sentencing Position filing.

### Avoid Unwarranted Sentencing Disparity Between Co-Defendants

Variances may be considered by the Court based on the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. 3553(a)(6). Additionally, the Court is directed to consider when

disparities are appropriate at sentencing between two similarly situated co-defendants. *Gall v. United States*, 553 U.S. at 55. Those disparities between co-defendants must be explained with identified, supportable basis for the inconsistency. *United States v. Reyes-Santiago*, 804 F.3d 453 (1st Cir. 2015). Therefore, co-defendant disparity is not a *per se* improper factor. *United States v. Smart*, 518 F.3d 800 (10th Cir. 2008). The Court may fashion a sentence that attempts to address the "disparity in sentences between two nearly identically situation individuals who committed the same crime in the same conspiracy." *United States v. Krutsinger*, 449 F.3d 827 (8th Cir. 2006). In fact, the plain language of §3553(a)(6) seems to permit consideration of disparities between similar situated co-defendants. *Unites States v. Fernandez*, 443 F.3d 19 (2d Circuit 2006).

<u>*Disparity Between Other Federal Defendants*</u>

Regarding federal defendants, the Guidelines give a clear indication of the recommended punishment for similarly situated defendants. However, this Court may consider the disparity between the defendant and other federal defendants. *United States v. Lente*, 647 F.3d 1021 (10th Cir. 2011).

The 2023 Sourcebook reports that there were 63,357 individuals sentenced, there were 2,869 with a offense level of 29. Of those, 836 had a criminal history category level I. 2023 Sourcebook, Table 24. Of those individuals who were charged with fraud/theft/embezzlement, 36.7 percent were black, 60.4 per cent were black and sentenced re robbery. Id. Table 5. For the 5,201 offenders charged with fraud/theft/embezzlement only 1.1% were under twenty-one years old. For robbery, it was only 6.8% of offenders that were under twenty-one years old. Of the 1,503 total offenders sentenced in a robbery, 1,491 or 99.2% received some sort of incarceration and 74.1% of those sentenced for fraud/theft/embezzlement received some sort of prison. Id.

Table 13. For fraud/theft/embezzlement, the mean number of months of incarceration was 22 while the median was 12. For robbery the mean was 110 months and the median was 96 months. Id. Table 15. The total sentence length for criminal history level I regarding fraud/theft embezzlement was 18 months mean and 8 months median. For robbery, the mean was 87 months, and the median was 72 months. Id. Table 27.

Compared to the sentences imposed relative to the guideline range who received non-governmental variances, there were 12, 848 individuals or 20.1% of the total cases (63,812 sentenced individuals). Id. Table 29.

Focusing more locally, in the Eastern District of Virginia there were 877 sentences imposed. Of those 49% were withing the guideline range and there were 367 indivicuals who received a variance (41.8%). Id. Table 30. Finally, when considering what other individuals received within the guidelines, for robbery there were 586 total offenders and of those 45.9% received the guideline minimum while only 12.5 receved a sentence in the upper half of the range. Id. Table 34.

It is clear from the statistics that variances are not outside of the norm. They happen frequently and therefore, guideline disparity with other federal inmates or co-defendants may be dismissed as a concern.

<u><em>Acceptance of responsibility</em></u>

Mr. Evans-McCloud voluntarily plead guilty and accepted responsibility.

<u><em>Remorse</em></u>

Mr. Evans-McCloud has repeatedly expressed remorse.

<u><em>Rehabilitation and Post-Sentence Rehabilitation</em></u>

Rehabilitation is a permissible factor to be considered in sentencing. "When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction." *Concepcion v. United States*, 597 U.S. 481 (2022).

Since beginning his time in jail, Mr. Evans-McCloud remains a model citizen.

### Role in the Offense

Mr. Evans-McCloud has freely admitted his role in this matter.

### Community ties (§5H1.6)

Much like family ties and responsibilities, community ties are not usually considered relevant, but they may be considered under a variance in lieu of a departure. Mr. Evans-McCloud has strong community and family ties who he believes will assist him as he prepares to re-enter society, reducing his risks to reoffend.

### Early Plea

Mr. Evans-McCloud plead guilty at the first available chance.

### A Downward Variance is Appropriate for Mr. Hall

Based on the above considerations and applying them to Mr. Evans-McCloud's current situation, a downward variance is appropriate. The totality of the circumstances calls for a variance.

### Conclusion

Therefore, Mr. Evans-McCloud encourages this Court not to sentence him to any period of active incarceration longer than absolutely necessary, approximately ten years or less, to accept this motion and to consider the conditions which would allow him to work towards rehabilitation without taking a majority of his adult life away.

Dated: January 28, 2025

Respectfully submitted,

_____/s/ Charles R. Samuels_____
Charles R. Samuels, VSB # 65899
Charles R. Samuels, Attorney at Law, PLLC
4908 Monument Ave., Ste. 100
Richmond, Virginia 23230
Phone: 804-533-0841
Cell: 804-677-7273
Fax: 804-843-8523
E-mail:crsamuels@gmail.com
*Counsel for Mr. Evans-McCloud*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.   Criminal Case No.: 4:24CR18
     Judge Roderick C. Young

DASHAWN T. EVANS-MCCLOUD,
        Defendant.

## Certificate of Service

This is to certify that on Tuesday, January 28, 2025, I sent a copy of this Motion and Sentencing Memorandum via e-mail to Julie D. Podlesni, Esq., at Julie.Podlesni@usdoj.gov.

    /s/Charles R. Samuels
Charles R. Samuels, VSB # 65899
Charles R. Samuels, Attorney at Law, PLLC
4908 Monument Ave., Ste. 100
Richmond, Virginia 23230
Phone: 804-533-0841
Cell: 804-677-7273
Fax: 804-843-8523
E-mail:crsamuels@gmail.com
*Counsel for Mr. Evans-McCloud*